UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONYALL WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01347-TWP-DKL |
| ) | |
| VICKI POORE, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion for Judgment on the
Pleadings and Directing Entry of Final Judgment**

Plaintiff Donyall White, and Indiana prisoner, brought this action in Madison Circuit Court pursuant to 42 U.S.C. § 1983 alleging that Defendant Vicki Poore ("Poore") violated his Eighth Amendment rights when she ignored his serious medical needs. Poore removed the case to this Court and has moved for judgment on the pleadings arguing that White's claims are barred by the doctrine of *res judicata*. For the following reasons, the motion for judgment on the pleadings [dkt 9] is **granted** and this action is **dismissed**.

**I. Background**

Defendant Poore is the Health Services Administrator at Correctional Industrial Facility ("CIF"), a penal facility within the Indiana Department of Corrections. White, an inmate at CIF, alleges in his complaint that several for months, he complained about pain in his feet, ankles, legs, hips, and neck following a fall from his top bunk. He also alleges that he has been denied medical care for his conditions and that he submitted a grievance appeal to Poore, but she ignored his requests and failed to ensure that he received treatment.

White previously filed a complaint in the United States District Court for the Southern District of Indiana, based on the same facts asserted in this case. *See White-Bey v. Cockrell et al.*, No. 1:13-cv-1932-LJM-DML. ("*White-Bey*")[1] In *White-Bey*, White sued a number of defendants, including Poore, alleging that he fell from his top bunk and injured his ankles, right knee, hip, and back. He alleged in that case that he sent grievances to Poore, but that his injuries were not treated.

A district court judge screened the *White-Bey* complaint pursuant to 28 U.S.C. § 1915A and dismissed several defendants and claims. *See White-Bey*, No. 1:13-cv-1932-LJM-DML at Dkt. 10. The judge dismissed Poore as a defendant because White did not allege that she personally participated in denying him medical care or unlawfully denied him a bottom bunk. *White-Bey* at Dkt. 10 p. 3. However, the claims against defendants Dr. Cockrell and Nurse Huse proceeded. *White-Bey* at Dkt. 10 at p. 4. Ultimately, the district court judge granted summary judgment in favor of those defendants finding that White failed to exhaust his administrative remedies. *See White-Bey*, Dkt. 38. The Court specifically dismissed White's claims against Defendant Poore with prejudice. *See White-Bey*, Dkt. 39.

## II. Discussion

Rule 12(c) of the *Federal Rules of Civil Procedure* permits a party to move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." In considering a motion under 12(c), the Court treats all well-pleaded allegations in the complaint as true and draws all inferences in the plaintiff's favor. *Harrison v. Deere & Co.*, 533 F. App'x 644, 647 (7th Cir. 2013).

---

[1] Although White used the last name White-Bey in the previous case and White in this case, the defendant points out that he is the same person, as reflected by his Offender Number, 980181. White does not deny that he is the same person.

Poore argues that she is entitled to judgment on the pleadings because the same claims raised in this case against her were dismissed in *White-Bey*. Poore therefore concludes that this action is barred by the doctrine of *res judicata* and must be dismissed. The doctrine of *res judicata* precludes parties from "relitigating issues that were or could have been raised" in a previous action that was resolved on its merits. *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). In order for *res judicata* to apply, three factors must be present: (1) identity of parties or their privies; (2) identity of the cause of action; and (3) a final judgment on the merits in the earlier action. *Id*. *Res judicata* prevents a party from filing a second lawsuit where a single core of operative facts formed the basis of both lawsuits. *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 335 (7th Cir. 1992).

Here, all three requirements for the application of *res judicata* are present. First, there is a common identity of parties in this case and in *White-Bey*. In both complaints, White is the plaintiff and Vicki Poore is a defendant. Second, there is a common cause of action. White raises claims under the same legal theory in this case as in *White-Bey*: deliberate indifferent to serious medical needs. Further, a single core of operative facts formed the basis of both lawsuits. In both complaints, Whites alleges that: (1) he fell from a top bunk and suffered various injuries; (2) he did not receive adequate medical care following the fall; (3) he wrote grievances to Poore requesting medical treatment; (4) Poore failed to ensure that he received medical treatment for his injuries; and (5) Poore did not ensure that he received a bottom bunk. (*Compare* Doc. 1-1 *with White-Bey*, Doc. 1). Finally, the third requirement is also satisfied because the Court dismissed the claims against Poore in *White-Bey* for failure to state a claim upon which relief can be granted. *See White-Bey*, Doc. 10, 39. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (the dismissal for failure to state a claim is a judgment on the merits).

White does not dispute that the factors of *res judicata* are met here. Instead argues that the motion for judgment on the pleadings is a "stall tactic" and that the defendant "already tried to use *res judicata* as part of their exhaustion defense." But exhaustion of administrative remedies and *res judicata* are separate affirmative defenses and a motion for judgment on the pleadings pursuant to Rule 12(c) is an appropriate means for addressing the affirmative defense of *res judicata*. See *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). Accordingly, Poore has shown that she is entitled to judgment on the pleadings and this action must be dismissed.

### III. Conclusion

Poore's motion for judgment on the pleadings [dkt 9] is **granted**. White's motion for summary judgment [dkt 11] is **denied as moot**. The motion to hold in abeyance the motion for summary judgment [dkt 13] and the motion to deny the defendant's motion [dkt 14] are each **denied as moot**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**

Date: 1/4/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

DONYALL WHITE
980181
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064