UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONYALL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01347-TWP-DKL |
| | ) | |
| VICKI POORE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion for Reconsideration**

The plaintiff's motion to reconsider the dismissal of this action was filed within 28 days of the date judgment was entered in this action. It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure.*

"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011) (internal quotation omitted); *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case…." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008).

Plaintiff has identified no manifest error of law or newly discovered evidence here. As explained in the Order Granting the Defendant's Motion for Judgment on the Pleadings, the complaint was dismissed because it was barred by *res judicata*. Plaintiff argues in his motion to

reconsider that *res judicata* does not apply because the earlier action against defendant Poore was not dismissed on the merits. But the dismissal under 28 U.S.C. § 1915A of White's previous case was a dismissal on the merits for purposes of *res judicata*. White further argues that his claims here – negligence and gross negligence – are distinct from the claims raised in the previous complaint. But *res judicata* applies when a new complaint is based on the same facts as a previous lawsuit. *See Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 335 (7th Cir. 1992). It was the plaintiff's duty when he brought the first lawsuit to allege every claim related to those facts at issue in the first lawsuit at that time. *Res Judicata* bars a plaintiff from "relitigating issues that were or could have been raised" in a previous action. *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). That is what the plaintiff is attempting to do here. Accordingly, his motion for reconsideration [dkt 17] is **denied**.

    **IT IS SO ORDERED.**

Date: 1/26/2016

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

DONYALL WHITE
980181
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064