UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONYALL WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-01347-TWP-DKL ) |
| VICKI POORE, | ) ) ) |
| Defendant. | ) |

**ENTRY DENYING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Donyall White's ("White") Motion for Summary Judgment. White, an inmate at the Correctional Industrial Facility, alleges in his Complaint brought pursuant to 42 U.S.C. § 1983, that the Defendant Vicki Poore ("Poore") has provided him constitutionally inadequate care for the severe pain that he is experiencing. For the following reasons, White's Motion for Summary Judgment (Filing No. 39) is **denied**.

## I. BACKGROUND

White filed his Complaint in Madison Circuit Court and Poore removed the action to federal court on August 26, 2015 (Filing No. 1). In its Entry dated September 3, 2015 (Filing No. 6), this Court screened the Complaint and permitted White's claim that Poore exhibited deliberate indifference to his serious medical needs to proceed. Poore then filed a Motion for Judgment on the Pleadings (Filing No. 9) arguing that because White had asserted these claims in a previous action in this Court (No. 1:13-cv-1932-LJM-DML, 2015 WL 1865900 (S.D. Apr. 22, 2015), his complaint was barred by the doctrine of *res judicata*. This Court granted the Motion for Judgment on the Pleadings and dismissed the case. (Filing No. 15). White successfully appealed, and the Seventh Circuit reversed finding that some of White's claims are not barred. (Filing No. 32). In

its Order, the Seventh Circuit specifically stated: "We express no opinion about the merits of White's new suit. But it was not precluded by the prior suit, and thus we VACATE the district court's judgment and REMAND for further proceedings." (Filing No. 32 at 4). The case was reopened and has proceeded. White now seeks summary judgment arguing that the Seventh Circuit has found Poore liable, therefore he is entitled to summary judgment in his favor.

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S. Ct. 1348 (1986). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007) (citation omitted).

## III. DISCUSSION

White argues that he is entitled to summary judgment because the Seventh Circuit held that Poore was deliberately indifferent to his medical needs. However, White is mistaken in his interpretation of the holding from the Court of Appeals. The holding in the appeal is that "claim preclusion does not apply," and "White's claims in this action were not, and could not have been part of the earlier lawsuit." ([Filing No. 32 at 7](#)). Accordingly, the Court must examine White's motion for summary judgment under the legal standard set forth above.

White requests that the Court consider his previous motion for summary judgment and briefing which was submitted before this action was dismissed. ([Filing No. 10](#) and [Filing No. 11](#)). The Court grants that request and will consider all of the summary judgment briefing that has been filed. In support of his request for summary judgment, White has submitted copies of medical care requests and responses from Poore.

In her Response, Poore argues that White has not shown that he is entitled to summary judgment because he has not shown that she was deliberately indifferent. Poore submits evidence that she is a non-medical administrator and was not deliberately indifferent to his serious medical needs. Although White has presented documentary evidence, he has not identified how Poore's conduct was deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk). He also argues that the Seventh Circuit has already ruled in his favor, but this argument is not helpful to him because that court specifically stated: "We express no opinion about the merits

of White's new suit." On the other hand, Poore has argued that as a non-medical administrator she followed the advice of medical officials and therefore was not deliberately indifferent to White's needs. *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). Poore has presented evidence to suggest that she was not deliberately indifferent and thus has raised genuine issues of material fact on White's claims. Because there are genuine issues of material facts as to whether Poore was deliberately indifferent, White not entitled to summary judgment at this stage.

### IV. CONCLUSION

For the foregoing reasons, White's Motion for Summary Judgment (Filing No. 39) is **DENIED**. This action shall continue to proceed as directed in the Entry Setting Pretrial Schedule of October 25, 2016.

**SO ORDERED.**

Date: 2/3/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Donyall White, #980181
Correctional Industrial Facility
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com